**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CALVIN E. BRACKBILL, | : | Civil No. 1:17-CV-01046 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| STEPHEN J. RUFF, *et al.*, | : | |
| | : | |
| Defendants. | : | Magistrate Judge William I. Arbuckle |

## <u>MEMORANDUM</u>

Before the court is the report and recommendation of United States

Magistrate Judge William I. Arbuckle recommending that Defendants' motion for

summary judgment be granted in part and denied in part.  (Doc. 100.)  For the

reasons that follow, the court will decline to adopt the recommendation to deny

Defendants' motion for summary judgment regarding Plaintiff's claims for false

arrest; failure to intervene with respect to Defendant Hill; procedural due process

violations/fabricated evidence; state law malicious prosecution; and state law abuse

of process, but adopts the remaining portions of the recommendation.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Neither party objected to the facts or procedural history stated in the report

and recommendation.  Because the court gives "reasoned consideration" to these

uncontested portions of the report and recommendation, the court will only restate

the factual background and procedural history necessary for clarity in this opinion.

*E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting

*Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).  Plaintiff, Calvin

Brackbill, initiated this action on June 14, 2017 against the following individuals

and entity: Stephen Ruff; Gregory Hill; Ian Dawson; and Tyron Meik, Harrisburg

Police Department officials; and the City of Harrisburg.[1]  (Doc. 1.)

This suit was based on the alleged unlawful arrest of Brackbill as he was

driving home from work in the early morning hours of June 28, 2015.  (Doc. 100,

p. 5.)[2]  Brackbill asserted that he was almost home when he heard a scraping noise

resulting from either his bumper or bumper cover dragging on the roadway.  (*Id.* at

6.)  He stopped his vehicle in the middle of the road and got out of his vehicle to

reattach the piece of his vehicle that was scraping the roadway.  (*Id.*)  Once he had

reaffixed this piece, he was approached by Harrisburg Police officers who began

questioning him about, inter alia, the bumper or bumper cover and whether he had

consumed any alcohol.  (*Id.* at 7–13.)  As a result of this encounter, the officers

arrested Brackbill on suspicion of DUI.  (*Id.* at 7–13.)  This charge was later

---

[1] As noted by Judge Arbuckle in the report and recommendation, Defendant Dawson was
dismissed from this case on May 22, 2018.  (Doc. 25.)  This dismissal also resulted in Brackbill's
claims for Fourth Amendment violations based on excessive force, Fourth and Fourteenth
Amendment violations against the City of Harrisburg under municipal liability theory, and state
law tort claims of intentional infliction of emotional distress against Defendants Ruff, Hill,
Dawson, and Meik being dismissed without prejudice.  (*Id.*)  Brackbill did not amend his
complaint to restate these claims, so the only remaining claims are for 42 U.S.C. § 1983
violations based on false arrest, failure to intervene, and procedural due process/fabricated
evidence; and state law violations based on malicious prosecution and abuse of process.  (Doc.
100, p. 3.)

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

dropped after Brackbill's voluntary blood draw revealed no alcohol in his system, and Brackbill was instead charged with not having proof of insurance and a violation of 67 PA. CODE 175.78(e)(1) for bumper strength and mounting. (*Id.* at 13.) Ultimately, both of these charges were dismissed. (*Id.* at 14.)

In the report and recommendation, Judge Arbuckle recommends that Defendants' motion for summary judgment be granted as to Brackbill's claims for failure to intervene against Defendant Meik; Fourth and Fourteenth Amendment violations based on supervisory liability; and state law battery because Brackbill conceded that these claims should be dismissed. (*Id.* at 3.) Judge Arbuckle recommends that Defendants' motion for summary judgment be denied in all other respects because there are disputes of material fact which preclude the entry of summary judgment. (*Id.* at 51.)

On October 5, 2021, Defendants filed objections to the report and recommendation. (Doc. 108.) Plaintiff timely filed a response.[3] (Doc. 110.) Thus, Defendants' objections are ripe for review.

---

[3] Plaintiff's response indicates that while Plaintiff opposes Defendants' objections and suggests that the court should adopt Judge Arbuckle's report and recommendation in full, "Plaintiff rests upon his previously filed brief stating why the Defendants [sic] Motion for Summary Judgment should be denied in part" and does not raise further argument. (Doc. 110.)

**STANDARDS OF REVIEW**

**A. Review of Magistrate Judge's Report and Recommendation**

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)). For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

**B. Motion for Summary Judgment Under Federal Rule of Civil Procedure 56(a)**

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case." *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### A. The Uncontested Portions of the Report and Recommendation Will be Adopted.

The parties do not object to the following opinions and recommendations by Judge Arbuckle.  Judge Arbuckle recommends that Defendants' motion for

summary judgment be granted as to Brackbill's claims for violations of 42 U.S.C.

§ 1983 for failure to intervene against Defendant Meik; violations of 42 U.S.C.

§ 1983 based on Fourth and Fourteenth Amendment supervisory liability; and state

law battery.  (Doc. 100, p. 3.)  Specifically, Judge Arbuckle found that Brackbill

did not oppose dismissal of these claims.  (*Id.*)  In addition, Judge Arbuckle found

that "Defendant Ruff should be entitled to immunity on Plaintiff's state law claims

to the extent they are based on the insurance citation[,]" and accordingly

recommends that summary judgment be granted with respect to this portion of

Brackbill's state law claims.  (*Id.* at 43.)  Finally, Judge Arbuckle denied

Defendants' request to dismiss the action in its entirety as a sanction to Brackbill

for engaging in allegedly inappropriate conduct directed toward Defendants

outside of the litigation.  (*Id.* at 49–51.)

After giving "reasoned consideration" to the uncontested portions of the

report and recommendation, the court finds that Judge Arbuckle's analysis is well-

reasoned and fully supported by the record and applicable law.  *See City of Long

Branch*, 866 F.3d at 99 (quoting *Henderson*, 812 F.2d at 878).  Thus, the court will

adopt these portions of the report and recommendation in full.

**B. The Court Will Decline to Adopt, in Part, the Recommendation Denying the Motion for Summary Judgment With Respect to Brackbill's Claim Under 42 U.S.C. § 1983 for False Arrest (Count I).**

Defendants first argue that Brackbill's § 1983 claim for false arrest should have been dismissed because the officers had probable cause to charge Brackbill with DUI, an equipment violation, lack of insurance, and/or other offenses with which Brackbill could have been charged, but was not. (Doc. 109, pp. 8–27.) Specifically, Defendants note that the officers had probable cause to charge Brackbill with violations of 75 PA. CONS. STAT. § 3714(a) for careless driving and 75 PA. CONS. STAT. § 3351(a) for stopping his vehicle in the middle of the roadway, even though these charges were not ultimately brought against Brackbill. (*Id.* at 18–20.)

In the report and recommendation, Judge Arbuckle set forth the disputed facts giving rise to Brackbill's false arrest claim at length, specifically focusing on the facts pertinent to probable cause to arrest Brackbill for DUI, the detached bumper or bumper cover, and/or his purported lack of insurance. Viewing all of the facts in the light most favorable to Brackbill, as required by the standard for summary judgment motions, Judge Arbuckle concluded that there were disputes of material fact regarding whether Defendants had probable cause to arrest Brackbill for any of the above offenses. Likewise, Judge Arbuckle concluded that these disputes of material fact regarding Defendants' probable cause to arrest Brackbill

for DUI, the detached bumper or bumper cover, and his purported lack of insurance precluded a finding that Defendants would be entitled to qualified immunity on these grounds.

The court finds that Defendants' objections to these portions of the report and recommendation present mere disagreements with the summary judgment standard and Judge Arbuckle's analysis, rather than substantive arguments. Indeed, Defendants attempt to reargue facts in the light most favorable to them, contrary to the standard for summary judgment.  As such, the court perceives Defendants' objections as general objections for which de novo review is not warranted.  *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984).  Because the court finds that Judge Arbuckle's analysis is well-reasoned and based on the summary judgment standard, rather than Defendants' interpretation of the record, the court will overrule Defendants' general objections and adopt these portions of the report and recommendation.

However, Defendants raise another objection regarding Brackbill's false arrest claim: that Judge Arbuckle failed to consider the fact that the officers had probable cause to charge Brackbill with violations of 75 PA. CONS. STAT. § 3714(a) for careless driving and 75 PA. CONS. STAT. § 3351(a) for stopping his vehicle in the middle of the roadway.  (*Id.* at 18–20.)  Defendants assert that because they

would have had probable cause to arrest Brackbill for these offenses, his false arrest claim should fail in its entirety.[4]

The court agrees that Judge Arbuckle did not consider this argument in the report and recommendation, and that this argument is dispositive of Brackbill's false arrest claim. As Judge Arbuckle explained,

> A claim of false arrest requires "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). A false arrest claim fails "if probable cause existed for any one of the crimes charged against the arrestee." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016). The probable cause can be for an offense other than that which the officer stated at the time of the arrest, and it need not be "closely related" to the reason for the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 153–54 (2004). This is because an officer's subjective intent plays no role in the validity of an arrest. *Id.* at 145–55; *see also D.C. v. Wesby*, 138 S. Ct. 577, 585 (2018) ("[A]n arrest is lawful if the officer had probable cause to arrest for **any offense, not just the offense cited at the time of arrest or booking**."). "[S]ummary judgment for false arrest . . . is proper only if no reasonable juror could find a lack of probable cause for any of the charged crimes." *Harvard*, 973 F.3d at 199.

(Doc. 100, p. 17 (emphasis added).) Thus, a § 1983 claim for false arrest turns on whether the officer had probable cause to arrest for any offense, regardless of whether the offense at issue is considered an "arrestable offense" under state law. *See Virginia v. Moore*, 553 U.S. 164, 174 (2008) (holding that an officer with

---

[4] The court notes that Defendants raised this argument in their brief in support of their motion for summary judgment. (Doc. 77, pp. 20–22.) Brackbill failed to meaningfully respond, incorrectly stating that Defendants had failed to identify other crimes for which the officers would have had probable cause to arrest Brackbill. (Doc. 85, p. 21.)

probable cause was constitutionally permitted to arrest an individual for a summary offense not otherwise arrestable under state law); *see also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 593 (M.D. Pa. 2008) ("cases involving false arrest claims against police officers turn on the existence or nonexistence of probable cause"); *Milligan v. Jacob*, No. 2:18-cv-00496, 2019 U.S. Dist. LEXIS 113605, at *18 (W.D. Pa. July 8, 2019) ("an officer with probable cause has Constitutional authority to arrest an individual for the violation of any observed crime, regardless of its designation under state law."); *Huff v. Cheltenham Twp.*, No. 14-05555, 2015 U.S. Dist. LEXIS 85955, at *31 (E.D. Pa. July 1, 2015) (holding that "the presence of probable cause is sufficient to defeat a false arrest or false imprisonment claim under Section 1983, even where the arrest was made without a warrant for a misdemeanor or summary offense" and that "[a]ll that is required by the Fourth Amendment is . . . probable cause to arrest . . . for any offense that could have been charged under the circumstances"); *Commonwealth v. Williams*, 568 A.2d 1281, 1286 (Pa. Super. Ct. 1990) ("Any suggestion that the Pennsylvania or United States Constitutions prohibit custodial arrests for misdemeanors or summary offenses as *unreasonable per se* is wholly unsupported by case law." (emphasis in original)).

As stated by Judge Arbuckle,

"Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d

Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)). The inquiry into probable cause is an objective one, determined from the standpoint of an objectively reasonable police officer. *Wesby*, 138 S. Ct. at 585. "Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482–83 (3d Cir. 1995). An arrest is made with probable cause if "at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge . . . were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citations omitted); *see also Adams*, 407 U.S. at 149 ("In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949))).

(Doc. 100, p. 18.)

In this case, the court finds that the officers had probable cause to arrest Brackbill for a violation of 75 PA. CONS. STAT. § 3351(a) for stopping his vehicle in the middle of the roadway. This statute provides that:

> Outside a business or residence district, no person shall stop, park or stand any vehicle, whether attended or unattended, upon the roadway when it is practicable to stop, park or stand the vehicle off the roadway. In the event it is necessary to stop, park or stand the vehicle on the roadway or any part of the roadway, an unobstructed width of the highway opposite the vehicle shall be left for the free passage of other vehicles and the vehicle shall be visible from a distance of 500 feet in each direction upon the highway.

75 PA. CONS. STAT. § 3351(a). Pennsylvania courts have held that "the statute does not require the actual obstruction of the flow of traffic, nor does it mandate the vehicle be stationary for a specified period of time." *Commonwealth v.*

12

*Bozeman*, 205 A.3d 1264, 1273 (Pa. Super. Ct. 2019).  Moreover, because violations of this statute do not require further investigation, unlike a stop for DUI, officers must have probable cause for the violation at the time of the stop.  *Id.* at 1271.

At the time Defendants encountered Brackbill, his vehicle was stopped "in the middle of the road" while Brackbill was inspecting the front of his vehicle. (Doc. 75-2, p. 9.)  There is no evidence that Brackbill's vehicle was disabled "in such a manner and to such an extent that it [would have been] impossible to avoid stopping and temporarily leaving the vehicle in that position."  75 PA. CONS. STAT. § 3351(b).  To the contrary, Brackbill testified that the reason he stopped was because of his bumper or bumper cover "sagging in the middle on the roadway" causing a scraping noise, but that he was able to reaffix this piece by placing it back in the clips holding it up.  (Doc. 75-2, pp. 9–10.)  Indeed, it is not obvious to the court that Brackbill was unable to navigate his vehicle to the side of the road, rather than stopping "in the middle of the road" to perform his repairs.  It is uncontested that Brackbill was stopped "[o]utside a business or residence district," and Brackbill's own admission that he was stopped "in the middle of the road" undermines the notion that his vehicle left "an unobstructed width of the highway . . . for the free passage of other vehicles" as required by the statute.  75 PA. CONS. STAT. § 3351(a).

Based on these facts, the officers could have concluded that there was a "fair probability" that Brackbill violated 75 PA. CONS. STAT. § 3351(a) by stopping his vehicle in the middle of the roadway outside a business or residence district. *Wilson*, 212 F.3d at 789.  Brackbill has not argued otherwise.[5]  Thus, because the court finds that there was probable cause to support an offense that could have been charged under the circumstances, Brackbill's claim for false arrest under 42 U.S.C. § 1983 fails as a matter of law.[6]  The court will accordingly decline to adopt this portion of the report and recommendation and will grant Defendants' motion for summary judgment with respect to this claim.

### C. The Court Will Decline to Adopt the Recommendation Denying the Motion for Summary Judgment With Respect to Brackbill's Claim Under 42 U.S.C. § 1983 for Failure to Intervene as to Defendant Hill.

Defendants next object that Judge Arbuckle should have granted their motion for summary judgment with respect to the Section 1983 claim for failure to intervene since this claim is based on Brackbill's claim for false arrest.  (Doc. 109,

---

[5] Brackbill failed to address this argument in his brief in opposition to Defendants' summary judgment motion and has failed to raise any additional argument in response to Defendants' objections before the undersigned.  (Docs. 85, 110.)

[6] Because the court concludes that there was probable cause to arrest Brackbill for a violation of 75 PA. CONS. STAT. § 3351(a), the court does not consider whether there was also probable cause to arrest Brackbill for a violation of 75 PA. CONS. STAT. § 3714(a) since probable cause is only required for one offense to undermine a claim for false arrest.  *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (holding that probable cause "need only exist as to any offense that could be charged under the circumstances").

p. 28.)  Because Brackbill's false arrest claim fails, Defendants argue that the failure to intervene claim should likewise be dismissed.  (*Id.*)

The court agrees and will sustain the objection in light of the above finding that probable cause supported a constitutional arrest for a violation of 75 PA. CONS. STAT. § 3351(a).  As explained by Judge Arbuckle, "[t]o state a valid Section 1983 claim for failure to intervene, a plaintiff must show that an officer had a reasonable opportunity to intervene in the face of a constitutional violation and simply refused to do so."  (Doc. 100, p. 36 (citing *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002)).)  In this case, the court having concluded that there was no constitutional violation that would give rise to a Section 1983 false arrest claim, Brackbill cannot show that there was a reasonable opportunity to intervene, let alone a duty to intervene.  Thus, the court will sustain the objection, decline to adopt this portion of the report and recommendation, and grant Defendants' motion for summary judgment with respect to Brackbill's claim under 42 U.S.C. § 1983 for failure to intervene as to Defendant Hill.

> **D. The Court Will Decline to Adopt the Recommendation Denying Summary Judgment With Respect to Brackbill's Claim Under 42 U.S.C. § 1983 for Procedural Due Process Violations Based on Fabricated Evidence.**

Defendants next object to Judge Arbuckle's conclusion that "a jury could find that Defendant Ruff made knowingly false statements during his hearing testimony at the summary offense hearing[,]" giving rise to a claim for fabricated

evidence against Defendant Ruff.  (Doc. 109, pp. 28–37.)  Specifically, Defendants object to Judge Arbuckle considering Plaintiff's counsel's argument in his opposition brief as evidence, rather than acknowledging that there is no record factual support for Brackbill's fabricated evidence claim.  (*Id.* at 30–37.)

Initially, the court notes that Defendants' objection largely presents a mere disagreement with Judge Arbuckle's consideration of the facts and law and otherwise attempts to reargue the weight that Defendants believe should be attributed to the evidence Judge Arbuckle considered.  As explained above, such general objections ordinarily do not warrant de novo review.  *Goney*, 749 F.2d at 6–7.  However, the court finds that Judge Arbuckle unduly credited the arguments of Plaintiff's counsel in considering the merits of Brackbill's fabricated evidence claim and will therefore decline to adopt this portion of the report and recommendation as clear error.

In order to pursue a claim for fabricated evidence beyond the summary judgment stage, a plaintiff faces a "notable" burden.  *Black v. Montgomery Cty.*, 835 F.3d 358, 372 (3d Cir. 2016) ("there is a notable bar for evidence to be considered 'fabricated'").  The Third Circuit has emphasized that:

> "testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong."  [*Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014)].  There must be "**persuasive evidence** supporting a conclusion that the proponents of the evidence" are aware that evidence is incorrect or that the evidence is offered in

bad faith.  *Id.*  For these reasons, we reiterate that "we expect that it will be an unusual case in which a police officer cannot obtain a summary judgment in a civil action charging him with having fabricated evidence used in an earlier criminal case."  *Id.*

*Black*, 835 F.3d at 372 (emphasis added).

Thus, it is Brackbill's burden to set forth persuasive evidence supporting his assertion that Defendant Ruff knew that he had testified falsely at Brackbill's preliminary hearing for the alleged motor vehicle code violation regarding the state of Brackbill's bumper or bumper cover.[7]  *Id.*  Instead of pointing to any evidence that Defendant Ruff knowingly provided such false statements, Brackbill merely relied on his own self-serving conclusions and inferences, essentially asking the court to deny Defendants' motion for summary judgment based on his word alone.

Specifically, in his brief opposing Defendants' summary judgment motion, Brackbill hinges his fabricated evidence argument on an email between Defendant Ruff's supervisors in which one mentions that Defendant Ruff had asked what to do if the lab results from Brackbill's blood draw revealed that Brackbill was not intoxicated.  (Doc. 85, p. 26.)  Brackbill construes this email, which does not include Defendant Ruff as a participant, as Defendant Ruff asking his supervisor how to cover up an improper arrest for DUI.  (*Id.*)  Setting aside the speculative

---

[7] The court views this testimony as the only evidence that was "so significant that it could have affected the outcome of the criminal case" as required by Third Circuit precedent.  *Black*, 835 F.3d at 372.

and unsupported nature of this assertion, even if true, there is no evidence that Defendant Ruff's statements during Brackbill's preliminary hearing were, in fact, false or made knowing that they were incorrect.

Brackbill's conclusory allegations and complete failure to cite to evidence of record does not meet the standards the Third Circuit has set for a fabrication of evidence claim. At best, Brackbill has denied the conclusions in Defendant Ruff's police report and pointed out the inconsistency in Defendant Ruff's testimony between the preliminary hearing and his deposition some five years later. Third Circuit case law is clear that "testimony that is . . . simply disputed should not be treated as fabricated . . . ." *Black*, 835 F.3d at 372 (quoting *Halsey*, 750 F.3d at 295). The court finds that the dispute in this case regarding Brackbill's fabricated evidence claim is akin to the "he said, she said" disputes that the Third Circuit has unequivocally stated do not give rise to a claim for fabricated evidence. *Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 70 (3d Cir. 2017). Indeed, if the court were to allow Brackbill's claim to survive summary judgment, the court "would undermine the 'unusual case' standard dictated by . . . precedent, which directs concern to cases in which there is actual evidence of fabrication." *Id.*

Thus, the court will decline to adopt this portion of the report and recommendation, and will grant Defendants' motion for summary judgment with respect to Brackbill's Section 1983 claim for fabrication of evidence.[8]

### E. The Court Will Decline to Adopt the Recommendation Denying Summary Judgment With Respect to Brackbill's State Law Claims for Malicious Prosecution and Abuse of Process.

Defendants' final objections raise three issues: first, that Judge Arbuckle erred in denying Defendant Ruff state law immunity under the willful misconduct exception; second, that Judge Arbuckle erred in denying Defendants' summary judgment motion regarding Brackbill's abuse of process claim; and third, that Judge Arbuckle erred in denying Defendants' summary judgment motion regarding Brackbill's malicious prosecution claim.  (Doc. 109, pp. 43–49.)

Because no party objected to Judge Arbuckle's conclusion that Defendant Ruff is entitled to immunity on Brackbill's state law claims based on the citation for lack of insurance, the remaining ground for Brackbill's state law claims is the citation for an equipment violation based on Brackbill's detached bumper or bumper cover.  Judge Arbuckle found that Defendant Ruff was not entitled to immunity on Brackbill's state law claims based largely on his earlier discussion

---

[8] In light of the court's ruling granting Defendants' motion for summary judgment on Brackbill's Section 1983 claims for false arrest, failure to intervene, and fabrication of evidence, the court will deny Defendants' objections regarding qualified immunity for Defendants Ruff and Hill as moot.  (Doc. 109, pp. 37–43.)

regarding Brackbill's fabricated evidence claim.  (Doc. 100, pp. 43–44.)

Specifically, Judge Arbuckle found that the inconsistency between Defendant

Ruff's testimony at the preliminary hearing and his deposition some five years

later could allow a jury to conclude that Defendant Ruff falsely testified.  (*Id.*)

Defendant Ruff seeks immunity from Brackbill's state law claims under the

Pennsylvania Political Subdivision Torts Claim Act ("PSTCA").  This statute

confers "broad tort immunity" to local agencies and their employees.[9]  *Sanford v.

Stiles*, 456 F.3d 298, 315 (3d Cir. 2006); 42 PA. CONS. STAT. § 8541.  There are

limited exceptions to this broad grant of immunity, but the PSTCA states that

employees do not qualify for immunity where their conduct amounts to "willful

misconduct."  42 PA. CONS. STAT. § 8550.  The "willful misconduct" exception is a

demanding standard that the Pennsylvania Supreme Court has defined as "conduct

whereby the actor desired to bring about the result that followed or at least was

aware that it was substantially certain to follow, so that such desire can be

implied."  *Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994) (citations omitted);

*see also Sanford*, 456 F.3d at 315 (finding the defendant entitled to PSTCA

immunity because the "willful misconduct" exception did not apply); *Brown v.*

---

[9] "Municipal employees . . . are generally immune from liability to the same extent as their
employing agency, so long as the act committed was within the scope of the employee's
employment."  *Beam v. W. Wayne Sch. Dist.*, 165 F. Supp. 3d 200, 218 (M.D. Pa. 2016) (citing
42 PA. CONS. STAT. § 8545).

*Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001) ("Willful conduct in [the context of section 8550 of the PSTCA] has the same meaning as the term intentional tort.") (cleaned up).

Pennsylvania courts apply a distinct, subjective standard to police officers to determine whether the willful misconduct exception applies. *Renk*, 641 A.2d at 293–94; *see also Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 669 (W.D. Pa. 2010) (citing *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 571 (E.D. Pa. 2005)). Specifically, a police officer must have understood that the tortious action is illegal and intended to commit it nonetheless. *See In re City of Phila. Litig.*, 158 F.3d 723, 728 (3d Cir. 1998).

Brackbill bases his willful misconduct argument on largely the same foundation as his fabricated evidence argument: that once Defendant Ruff "learned he made a bad arrest for DUI, he issued the traffic tickets as a cover up[.]" (Doc. 85, p. 35.) However, as stated above, there is no evidence beyond the speculative conclusions drawn by Plaintiff's counsel to support the notion that Defendant Ruff intentionally brought charges that he knew were improper against Brackbill for his detached bumper or bumper cover. In light of the demanding standard required for the willful misconduct exception, and the lack of evidence supporting the notion that Defendant Ruff intentionally engaged in willful misconduct, the court finds that Defendant Ruff is entitled to PSTCA immunity. Based on this finding, the

court will decline to adopt this portion of the report and recommendation and will grant Defendants' motion for summary judgment on these grounds.[10]

## CONCLUSION

For the reasons stated herein, the court will decline to adopt the report and recommendation to deny Defendants' motion for summary judgment regarding Plaintiff's claims for false arrest; failure to intervene with respect to Defendant Hill; procedural due process violations/fabricated evidence; malicious prosecution; and abuse of process, but adopts the remaining portions of the recommendation. Accordingly, the court will grant Defendants' motion for summary judgment. An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: March 31, 2022

---

[10] Because the court has determined that Defendant Ruff is entitled to PSTCA immunity, the court does not discuss the remaining state law claims, and Defendants' remaining objections will be denied as moot.